————o————

No. 5604.

## CHARLES C. HAIGHT vs. MATILDA M. JOHNSON, ET ALS.

### On Rehearing.

### Syllabus.

1. A widow in community, joint owner with her major and minor children of the community property, becomes upon

the death of her intestate husband, usufructuary of the interest of her children, authorized as such to pay interest on a debt of the community secured by mortgage on the entire property.

2. Such payments operate as interruptions of prescription as to the whole debt, even though such widow has never been judicially recognized as tutrix, administratrix or usufructuary and has not been authorized by her children.

3. The doctrine of *Long vs. Dickerson,* 127 *La.,* 341, and not the codal provision of *R. C. C.,* 3552, is to be applied in such case.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 98,309, Hon. G. H. Theard, Judge.

J. F. Walton, for plaintiff and appellant.

J. E. Fleury, for defendant and appellee.

His Honor HORACE L. DUFOUR, rendered the opinion and decree of the Court, as follows:

After granting a rehearing in this cause, we certified the questions of law involved and asked the Supreme Court for instructions under Article 101 of the Constitution.

To the questions thus propounded the Supreme Court made the following answers:

First: .

"It does not appear that the deceased husband disposed of his estate by last will, hence, the widow in community, joint owner with her major and minor children of the community property, became, immediately on the death of her husband, the usufructuary of the interest inherited by the children and, in the double capacity of owners in indivision and usufructuary, was authorized to pay the debt of the community which was secured by mortgage on the en-

— 17 —

tire property, or obtain extensions of the terms of payment by paying the interest from time to time, and such payments operated as interruptions of prescription as to the whole debt and this, though she had never been judicially recognized as tutrix, administratrix or usufructuary, and had not been authorized by her children to make such payments."

· Second:

· "The doctrine of **Long v. Dickerson,** to the exteut to which it is applicable to the facts, is to be applied in such case, and not the codal provisions of R. C. C., 3552."

It becomes necessary to modify our original decree in order to comply with the instructions of the Supreme Court.

It is therefore ordered, adjudged and decreed that our original decree be amended so as to read as follows:

· The judgment of the lower Court is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of Charles H. Haight, plaintiff, and against defendant, Mathilda Monroe, widow of Pleasant Johnson, Mrs. Sarah Johnson, wife of Ernest Gaudet and the said Ernest Gaudet to aid, authorize and assist his wife, Mrs. Mathilda Johnson, wife of Charles Lewis, and the said Charles Lewis to aid, authorize and assist his wife, Isaac Johnson, Mrs. Fanny Johnson, wife of Seymour Brown, and the said Seymour Brown to aid, authorize and assist his wife, Pleasant Johnson, Jr., Martha and Ernest Johnson, each for his or her virile share of the sum of $250, with 8% interest thereon from March 26th, 1910, 10% on the aggregate of said principal and interest as attorneys' fees, four dollars cost of copy of act of mortgage and costs of suit **in solido,** with recognition of the mortgage for the full amount of principal, interest, at-

torneys' fees and costs on the property described in plaintiff's petition.

Amended.

Opinion and decree January 13th, 1913.

Note by reporter:

Original opinion Vol. IX, page 366.